**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

SHERYLL W. HALL,            :

   Plaintiff,               :

vs.                         :     CA 07-0179-C

MICHAEL J. ASTRUE,          :
Commissioner of Social Security,
                                :
   Defendant.

**MEMORANDUM OPINION AND ORDER**

Plaintiff brings this action pursuant to 42 U.S.C. §405(g), seeking judicial review of a final decision of the Commissioner of Social Security denying her claim for disability insurance benefits. The parties have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all proceedings in this Court. (*See* Docs. 13 & 16 ("In accordance with provisions of 28 U.S.C. 636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States Magistrate Judge conduct any and all proceedings in this case . . . order the entry of a final judgment, and conduct all post-judgment proceedings.")) Upon consideration of the administrative record, plaintiff's proposed report and recommendation, the Commissioner's

proposed report and recommendation, and the parties' arguments at the October 31, 2007 hearing before the Court, it is determined that the Commissioner's decision denying benefits should be reversed and remanded for further proceedings not inconsistent with this decision.[1]

Plaintiff alleges disability due to right trigeminal neuralgia, degenerative disc disease of the cervical, thoracic, and lumbar spines, right carpal tunnel syndrome, possible right ulnar nerve entrapment, peripheral neuropathy, and Ehlers-Danlos Syndrome/familial hypermobility syndrome. The Administrative Law Judge (ALJ) made the following relevant findings:

> **3.     The claimant has the following severe impairments: carpal tunnel syndrome, trigeminal neuralgia, facial pain, back pain, and peripheral neuropathy (20 CFR 404.1520(c)).**
>
> **4.     The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).**
>
> **5.     After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work activity on a sustained basis. Specifically, the claimant can occasionally lift/carry 20 pounds, frequently lift/carry 10 pounds,**

---

[1] Any appeal taken from this memorandum opinion and order and judgment shall be made to the Eleventh Circuit Court of Appeals. (*See* Docs. 13 & 16 ("An appeal from a judgment entered by a Magistrate Judge shall be taken directly to the United States Court of Appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court."))

> **stand/walk for about 6 hours of an 8-hour workday and sit for 6 hours of an 8-hour workday and should avoid concentrated exposure to extreme cold, extreme heat, noise, and fumes, odors, dusts, gases, poor ventilation, etc.**
>
> . . .
>
> **6.    The claimant is capable of performing past relevant work as [a] nurse. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).**
>
> In comparing the claimant's residual functional capacity with the physical and mental demands of this work, the undersigned finds that the claimant is able to perform it as actually performed.
>
> **7.    The claimant has not been under a "disability," as defined in the Social Security Act, from March 3, 2004 through the date of this decision (20 CFR 404.1520(f)).**

(Tr. 25 & 30-31 (emphasis in original))  The Appeals Council affirmed the ALJ's decision (Tr. 5-7) and thus, the hearing decision became the final decision of the Commissioner of Social Security.

## DISCUSSION

In all Social Security cases, the claimant bears the burden of proving that she is unable to perform her previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986). In evaluating whether the claimant has met this burden, the examiner must consider the following four factors:  (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence

of pain; and (4) the claimant's age, education and work history. *Id.* at 1005. Once the claimant meets this burden, it becomes the Commissioner's burden to prove that the claimant is capable, given her age, education and work history, of engaging in another kind of substantial gainful employment which exists in the national economy. *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985).

The task for the Magistrate Judge is to determine whether the Commissioner's decision to deny claimant benefits, on the basis that she can perform her past relevant work as a nurse, is supported by substantial evidence. Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). "In determining whether substantial evidence exists, we must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).

Although the claimant bears the burden of demonstrating the inability to return to her past relevant work, the Commissioner of Social Security has an obligation to develop a full and fair record. *Schnorr v. Bowen*, 816 F.2d

578, 581 (11th Cir. 1987) (citations omitted). Social Security Ruling 82-61 recognizes three possible tests for determining whether or not a claimant retains the capacity to perform her past relevant work. They are as follows:

> 1. Whether the claimant retains the capacity to perform a past relevant job based on a broad generic, occupational classification of that job, e.g., "delivery job," "packaging job," etc.[2]
>
> 2. Whether the claimant retains the capacity to perform the particular functional demands and job duties peculiar to an individual job as he or she actually performed it.
>
> 3. Whether the claimant retains the capacity to perform the functional demands and job duties of the job as ordinarily required by employers throughout the national economy.[3]

Under § 404.1520(e) of the Commissioner's regulations, a claimant will be found to be "not disabled" when it is determined that she retains the residual functional capacity to perform the actual functional demands and job duties of a particular past relevant job or the functional demands and job duties of the occupation as generally required by employers throughout the national

---

[2] As recognized in the ruling, use of this test is likely to be "fallacious and insupportable" because "[w]hile 'delivery jobs,' 'packaging jobs,' etc., may have a common characteristic, they often involve quite different functional demands and duties requiring varying abilities and job knowledge."

[3] The Dictionary of Occupational Titles' descriptions can be relied upon to define the job as it is usually performed in the national economy.

economy. SSR 82-61.

In this case, the ALJ has relied upon test two above to determine that the claimant can perform her past relevant work as a nurse. (Tr. 30 (**"The claimant is capable of performing past relevant work as [a] nurse.** . . . In comparing the claimant's residual functional capacity with the physical and mental demands of this work, the undersigned finds that the claimant is able to perform it as actually performed."))

Section 404.1520(e) of the Commissioner's regulations requires a review and consideration of a plaintiff's residual functional capacity and the physical and mental demands of the past work before a determination can be made that the plaintiff can perform her past relevant work. Social Security Ruling 82-62 provides that evaluation under § 404.1520(e) "requires careful consideration of the interaction of the limiting effects of the person's impairment(s) and the physical and mental demands of . . . her PRW to determine whether the individual can still do that work." *See also Lucas v. Sullivan*, 918 F.2d 1567, 1574 n.3 (11th Cir. 1990) (to support a conclusion that a claimant "is able to return to her past work, the ALJ must consider all the duties of that work and evaluate her ability to perform them in spite of her impairments").

> The RFC to meet the physical and mental demands of jobs a claimant has performed in the past (either the specific job a claimant performed or the same kind of work as it is customarily performed throughout the economy) is generally a sufficient basis for a finding of "not disabled."
>
> . . .
>
> The decision as to whether the claimant retains the functional capacity to perform past work which has current relevance has far-reaching implications and must be developed and explained fully in the disability decision. Since this is an important and, in some instances, a controlling issue, every effort must be made to secure evidence that resolves the issue as clearly and explicitly as circumstances permit.
>
> Sufficient documentation will be obtained to support the decision. Any case requiring consideration of PRW will contain enough information on past work to permit a decision as to the individual's ability to return to such past work (or to do other work). Adequate documentation of past work includes factual information about those work demands which have a bearing on the medically established limitations. Detailed information about strength, endurance, manipulative ability, mental demands and other job requirements must be obtained as appropriate. This information will be derived from a detailed description of the work obtained from the claimant, employer, or other informed source. Information concerning job titles, dates work was performed, rate of compensation, tools and machines used, knowledge required, the extent of supervision and independent judgment required, and a description of tasks and responsibilities will permit a judgment as to the skill level and the current relevance of the individual's work experience.

SSR 82-62. In finding that a claimant has the capacity to perform a past relevant job, the decision of the Commissioner must contain among the

7

findings, a finding of fact as to the claimant's residual functional capacity, a finding of fact as to the physical and mental demands of the past job/occupation, and a finding of fact that the claimant's residual functional capacity would permit a return to the past job or occupation. *Id.*

In this case, the plaintiff contends that the ALJ committed the following errors: (1) he erred in rejecting the evidence from Dr. Todd Elmore, a treating neurologist; (2) he improperly evaluated plaintiff's credibility; and (3) in improperly determining her residual functional capacity ("RFC") he improperly concluded that she can perform her PRW as a nurse as actually performed. Because the Court finds that the ALJ erred in determining that plaintiff retains the RFC to perform light work and, therefore, that she can perform her past work as a nurse as she performed it, the other assignments of error raised by plaintiff are not discussed. *See Pendley v. Heckler*, 767 F.2d 1561, 1563 (11th Cir. 1985) ("Because the 'misuse of the expert's testimony alone warrants a reversal,' we do not consider the appellant's other claims.").

In determining that Hall retains the residual functional capacity to perform the requirements of light work activity,[4] it is clear to the Court that the

---

[4]   *Compare* Tr. 25 ("[T]**he undersigned finds that the claimant has the residual functional capacity to perform light work activity on a sustained basis. Specifically, the claimant can occasionally lift/carry 20 pounds, frequently lift/carry 10 pounds, stand/walk for about 6 hours of an 8-hour workday and sit for 6 hours of an 8-hour workday and**

ALJ relied solely upon a PCE completed by a non-examining DDS disability examiner, Cheryl Jones (*compare* Tr. 258-265 (while Jones' electronic signature appears on the medical consultant's signature line, that line contains no consultant's code or anything else designating her as a physician) *with, e.g.,* Tr. 119 (form identifying Jones as a DDS disability specialist)), the findings on that form matching up exactly with the RFC findings made by the ALJ (*compare* Tr. 259 & 262 (Jones noted on the form that Hall can occasionally lift and carry up to 20 pounds, frequently lift and carry up to 10 pounds, stand and/or walk about 6 hours in an 8-hour workday, sit about 6 hours in an 8-hour workday, and should avoid concentrated exposure to extreme cold, extreme heat, noise, and fumes, odors, dusts, gases, poor ventilation, etc.) *with* Tr. 25 ("**After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work activity on a sustained basis. Specifically, the claimant can occasionally lift/carry 20 pounds, frequently lift/carry 10 pounds,**

---

**should avoid concentrated exposure to extreme cold, extreme heat, noise, and fumes, odors, dusts, gases, poor ventilation, etc."**) *with* 20 C.F.R. § 404.1567(b) (2007) ("Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.").

**stand/walk for about 6 hours of an 8-hour workday and sit for 6 hours of an 8-hour workday and should avoid concentrated exposure to extreme cold, extreme heat, noise, and fumes, odors, dusts, gases, poor ventilation, etc.**")). The RFC form completed by the disability examiner simply does not supply the substantial evidence needed to support the ALJ's determination that Hall can perform the physical requirements of light work activity, *cf. Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir. 1988) ("The reports of reviewing nonexamining physicians do not constitute substantial evidence on which to base an administrative decision. . . . 'The opinions of nonexamining, reviewing physicians, when contrary to those of examining physicians are entitled to little weight in a disability case, and standing alone, do not constitute substantial evidence.'"),[5] particularly considering that the remaining evidence of record establishes that plaintiff cannot perform the prolonged standing and walking required for light work.[6] In this regard, not only did plaintiff's treating physician, Dr. Elmore, indicate that Hall's ability to stand for prolonged periods of time is impaired (Tr. 452) but, in addition, one of the consultative

---

[5] This Court is of the opinion that the RFC determination of the non-examining, non-physician DDS disability specialist in this case would be entitled to absolutely no weight.

[6] Reliance upon a form completed by a disability examiner is clear error which must be corrected on remand.

examining physicians, Dr. Howard Rubenstein, also placed limitations on plaintiff's ability to walk and stand (Tr. 238 ("The claimant could be expected to stand up to 30 minutes at a time and can be expected to ambulate up to a city block at a time.")). Based upon the standing and walking limitations noted by Drs. Elmore and Rubenstein, not only would plaintiff be unable to perform the standing and walking requirements of the full range of light work but, as well, could not perform the standing and walking requirements of her past work as a nurse as she actually performed that job (*compare* Tr. 466 (plaintiff's testimony that her work in the clinic required her to stand and walk most of the time) *with* Tr. 159 ("RN: standing/walking; pushing medication carts while administering medications, monitoring patients' condition[s] and in responding to patient emergencies; occasionally moved, restrained, or rolled patients; had to hand write nurse's notes; processed doctor's orders; attended meetings; acted as a clinic nurse with doctor necessitating standing/walking; completed reports/documentation.")).[7]

---

[7] In addition, the evidence of record suggests that plaintiff does not retain the ability to perform another specific duty of her past job as a nurse, that is, the requirement that she handwrite notes. Plaintiff testified that she did a lot of writing as a nurse (Tr. 466) and Dr. Rubenstein specifically noted that Hall had "some manipulative limitations with prolonged writing[.]" (Tr. 238)

Perhaps the ALJ would have been more cognizant of the standing/walking and handwriting issues had he made a finding of fact regarding the physical and mental demands of

11

In light of the foregoing, the Court finds that there is no substantial evidence in the record which supports the ALJ's determination that plaintiff can perform the physical demands of light work and, therefore, no substantial support for the determination that plaintiff is capable of performing her past relevant work as a nurse as she actually performed that job.

## **CONCLUSION**

The Court **ORDERS** that the decision of the Commissioner of Social Security denying plaintiff benefits be reversed and remanded pursuant to sentence four of § 405(g), *see Melkonyan v. Sullivan*, 501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991), for further proceedings not inconsistent with this decision. The remand pursuant to sentence four of § 405(g) makes the plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, *Shalala v. Schaefer,* 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993), and terminates this Court's jurisdiction over this matter.

**DONE** and **ORDERED** this the 7th day of November, 2007.

        s/WILLIAM E. CASSADY
        **UNITED STATES MAGISTRATE JUDGE**

---

plaintiff's past work as a nurse as required by SSR 82-62. This failure is but another reason why this case need to remanded to the Commissioner for further proceedings.